IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:07CR95-12 |
| | § | |
| RICKY NELSON MILES, JR. | § | |

### REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On October 17, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Ricky Nelson Miles, Jr. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Pursuant to a written Plea Agreement, Defendant pled guilty to the offense of Possession with Intent to Distribute Cocaine Base, also Known as Crack Cocaine, a Class B Felony. Count 1 carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of III, was 46 to 57 months. On January 7, 2009, Chief District Judge Leonard Davis sentenced Defendant to 60 months imprisonment followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure for purposes of monitoring defendant's gainful employment in a lawful occupation, and substance abuse testing and treatment under the guidance of the U.S. Probation Office. Defendant completed the term of imprisonment and began his term of supervised release on April 23, 2012. On May 9, 2013, the conditions of supervision were modified to include 180 days home detention.

Under the terms of supervised release, Defendant was prohibited from using or possessing any unlawful controlled substance, and was required to participate in drug testing and

substance abuse treatment, remain on home detention, and gain and maintain employment. In its petition, the government alleges that Defendant violated his term of supervised release by his absences from substance abuse treatment, his arrest for Possession of a Controlled Substance in a School Zone, his failure to establish employment, his unauthorized leave while on home detention, and his use and possession of methamphetamine, amphetamine, marijuana, and cocaine.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release with his November 25, 2012 arrest for Possession of a Controlled Substance in a School Zone, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine, methamphetamine, and amphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by his missed substance abuse treatment sessions; use of methamphetamine, amphetamine, marijuana, and cocaine; by his failure to maintain

employment; and the unauthorized leave while on home detention, Defendant will have committed a Grade C violation.  U.S.S.G. § 7B1.1(a).  Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of supervised release and/or modify conditions of supervision.  U.S.S.G. § 7B1.3(a)(2).  Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months.  U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations set forth above.  The government recommended fourteen months of imprisonment, including any unserved term of home detention, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Ricky Nelson Miles, Jr. be committed to the custody of the Bureau of Prisons for a term of imprisonment of fourteen months, including any unserved term of home detention, with no supervised release to follow.  The Court recommends incarceration in FCI Texarkana, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 22nd day of October, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE